**UNITED STATES of America,
Appellee,**

v.

**Mark A. CAPOZZI, Defendant–
Appellant.**

**No. 05–4057–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 14, 2006.

Susan M. Damplo, Ardsley, NY, for Appellant.

Marc A. Weinstein, Assistant United States Attorney, (Michael J. Garcia, United States Attorney, Harry Sandick, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: PIERRE N. LEVAL,
JOSÉ A. CABRANES, Circuit Judges and
JED S. RAKOFF, District Judge.*

**SUMMARY ORDER**

Following a jury trial in the District Court, Defendant–Appellant Mark A. Capozzi was convicted of one count of conspiracy to commit wire fraud and one count of wire fraud. He was sentenced principally to 37 months' imprisonment and ordered to pay restitution of more than $2.5 million. In short, the charges against Capozzi involved his actions as an intermediary and facilitator in a "Ponzi scheme" masterminded by his co-defendant Carolyn Mintus. Capozzi appeals his conviction and sentence on four grounds: (1) the District Court erred in issuing a "no ultimate harm" jury instruction that could confuse the jury into convicting without finding an intent to defraud; (2) the District Court abused its discretion in denying Capozzi's motion for a mistrial after learning that Capozzi's trial lawyer was being paid to represent Capozzi by Mintus; (3) Capozzi's lawyer during the mistrial hearing provided ineffective assistance of counsel by not designating the trial lawyer as an adverse witness in order to ask more leading questions; and (4) the District Court impermissibly treated the Guidelines sentence as presumptively reasonable.

We assume familiarity with the facts and procedural history of the case.

With respect to the argument that the District Court erred in not granting Ca-

---

* The Honorable Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

pozzi a mistrial based on his lawyer's conflict of interest, we see no reason to question the District Court's findings—made in the course of its careful and comprehensive opinions denying Capozzi's motions for a mistrial and reconsideration—that the conflict was not a reason why the trial lawyer chose, or did not choose, to pursue certain defense strategies or tactics. *Cf. United States v. Levy,* 25 F.3d 146, 158 (2d Cir.1994) (holding that a lawyer's failure to "shift[ ] primary criminal responsibility" to another individual was a Sixth Amendment violation because there were not "justifiable reasons other than the attorney's conflicts that better explained why alternative defense strategies were not pursued").

We have considered all of Capozzi's remaining arguments and find them to be without merit. Accordingly, the District Court's judgment is **AFFIRMED.**